## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EDWIN QUILES**<br><br>**Plaintiff,**<br><br>v.<br><br>**WALMART, INC.**<br><br>**Defendant.** | **CIVIL ACTION NO.:**<br><br>**PETITION FOR REMOVAL BASED UPON DIVERSITY OF CITIZENSHIP**<br><br>**JANUARY 11, 2021** |

## PETITION FOR REMOVAL

**TO:**   Clerk of the United States District Court
        District of Connecticut

NOW COMES the defendant, Walmart, Inc., hereafter referred to as "Petitioner," and through the undersigned respectfully petitions this Honorable Court as follows:

1. Petitioner is the defendant in a civil action bearing Docket No. FBT-CV21-6102722-S pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport (hereafter, the "Action"). The Return Date for this Action is January 12, 2021. A copy of the Summons and Complaint in this Action is attached hereto as **Exhibit A**.

2. This two-count Action sounds in negligence and mode of operation, and arises from an incident that allegedly occurred on or about September 28, 2019 at a Walmart store located in Stratford, Connecticut. In his Complaint, the plaintiff alleges that the Petitioner was negligent in allowing a fruit or vegetable, or the juice therefrom, to puddle on the floor of the store, causing the plaintiff to slip and fall.

3. In the First Count, the plaintiff alleges that the Petitioner, through the acts and/or omissions of its agents, servants and/or employees, was negligent in one or more of the following ways:

    a. In that it knew, or in the exercise of reasonable care should have known, that said aisle was in an unsafe, dangerous and defective condition and nevertheless failed to take reasonable precautions to remedy said condition;

    b. In that it permitted, for more than a reasonable time, said aisle to be and remain in an unsafe, dangerous and defective condition so that ordinary travel thereon and use thereof was rendered dangerous to persons lawfully using the premises, including the Plaintiff;

    c. In that it failed to reasonably guard the Plaintiff from the danger of the unsafe, dangerous and defective condition existing in said aisle;

    d. In that it permitted and/or took no steps to prevent individuals lawfully using the premises, including the Plaintiff from walking down said aisle and thereby encountering the unsafe, dangerous and defective condition existing in said aisle;

    e. In that it failed to make a reasonable inspection of said premises and/or said aisle, which it owned and/or controlled; and,

    f. In that it failed to give any warning to the Plaintiff of the unsafe, dangerous and defective condition existing in said aisle.

4. In the Second Count, the plaintiff alleges that his injuries and losses were caused by the Petitioner's mode of operation which caused a dangerous condition to exist and the area to become slippery, in that customers spilled water, and/or other liquid, such as juice, on the floor,

and that the condition was reasonably foreseeable and the Petitioner failed to take reasonable measures to discover and remove it.

5. In his Complaint, the plaintiff alleges that as a result of the acts or omissions of the Petitioner, he sustained severe personal injuries, including a lumbar sprain/strain and left knee meniscus tear. He also sustained multiple bruises, spasms and contusions of his body, head and limbs. He alleges receiving a severe shock to his nervous system, and great pain and mental anguish. He alleges that he has been and will be deprived of many of the usual pleasures, pursuits, diversions and recreations of life, and has had to and will have to give up physical pursuits. The plaintiff further alleges he has incurred and will incur expenses for medical care and attention, medicine, x-rays, and physical therapy.

Based upon the allegations set forth by the plaintiff, the amount in controversy is over $75,000.00.

6. This Action is being removed to the District Court pursuant to Title 28, United States Code § 1441(a). In support of this Petition for Removal, the Petitioner respectfully states and represents to the Court as follows:

a. By Complaint dated December 1, 2020, the plaintiff filed suit against the Petitioner. Service was accomplished on Walmart, Inc. on December 14, 2020, through CT Corporation System, the Petitioner's registered agent for service. The Complaint seeks venue in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport.

b. The Plaintiff is a resident of Monroe, Connecticut. (Please see *Summons,* attached at **Exhibit A**.)

c. The Petitioner, Walmart, Inc., is a Delaware corporation, with its principal place of business in Bentonville, Arkansas.

    d. In his Complaint, the plaintiff alleges that as a result of the subject incident, he sustained personal injuries as outlined in Paragraph 5 above, including a left knee meniscus tear.  The plaintiff claims past medical expenses associated with these injuries and alleges that he may be required to make expenditures for medical services in the future.  Accordingly, the amount in controversy exceeds $75,000.00.

  7. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the plaintiff and the Petitioner and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

  8. Venue is proper pursuant to 28 U.S.C. §1391(a) and (b), because the events giving rise to the plaintiff's claims occurred within the State of Connecticut and the Petitioner is subject to personal jurisdiction in Connecticut.

  9. Pursuant to 28 U.S.C. §1446(d), the Petitioner has on this date notified the Superior Court of the State of Connecticut of the filing of this Petition.  A copy of the Certificate of Removal filed with the Superior Court is attached hereto as **Exhibit B**.

  **WHEREFORE,** based upon the foregoing, the Petitioner respectfully requests that this Action be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1441(a), and that further proceedings in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, be discontinued.

Respectfully submitted,

DEFENDANT/PETITIONER,
WALMART, INC.

By: */s/ Maria Alexander*
Maria Alexander, Esq.
Federal Bar No.: (ct25479)
Ryan Ryan Deluca LLP
CityPlace II
185 Asylum Street, 6th Floor
Hartford, CT 06103
Phone:  860-785-5150
Fax: 860-785-5040
malexander@ryandelucalaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EDWIN QUILES** | **CIVIL ACTION NO.:** |
| **Plaintiff,** | |
| v. | **CERTIFICATE OF SERVICE** |
| **WALMART, INC.** | |
| **Defendant.** | **JANUARY 11, 2021** |

    I hereby certify that on January 11, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    A copy was also served via e-mail, upon:

Jon A. August, Esq.
Miller, Rosnick, D'Amico, August & Butler, P.C.
1087 Broad Street
Bridgeport, CT  06604
jon@millerandrosnick.com
*Attorney for Plaintiff, Edwin Quiles*


                            */s/ Maria Alexander*
                            Maria Alexander, Esq.
                            Federal Bar No.: (ct25479)

# EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1   Rev. 11-19<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov  |
|---|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>1061 Main Street, Bridgeport, CT 06604 | Telephone number of clerk<br>( 203 ) 579 – 6527 | Return Date (Must be a Tuesday)<br>January 12, 2021 |
|---|---|---|
| ☒ Judicial District     G.A.<br>☐ Housing Session    ☐ Number: | At (City/Town)<br>Bridgeport | Case type code (See list on page 2)<br>Major: T      Minor: 12 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number. street, town and zip code)<br>Miller, Rosnick, D'Amico, August & Butler, P.C., 1087 Broad Street, Bridgeport, 06604 | Juris number (if attorney or law firm)<br>038116 |
|---|---|
| Telephone number<br>( 203 ) 334 – 0191 | Signature of plaintiff (if self-represented) | |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: QUILES, EDWIN<br>Address: 24 East Village Road, Monroe, CT 06468 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: WALMART, INC.<br>Address: c/o Agent for Service: CT CORPORATION SYSTEM; 67 Burnside Ave, East Hartford, CT 06108-3408 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>12/01/2020 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>JON A. AUGUST, ESQ. |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*
   - (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   - (c) Applications for change of name
   - (d) Probate appeals
   - (e) Administrative appeals
   - (f) Proceedings pertaining to arbitration
   - (g) Summary Process (Eviction) actions
   - (h) Entry and Detainer proceedings
   - (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 10 | Redevelopment Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 20 | Other State or Municipal Agencies | | T 12 | Defective Premises - Public - Other |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 20 | Products Liability - Other than Vehicular |
| | E 90 | All other | | T 28 | Malpractice - Medical |
| | | | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 20 | Mandamus | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 05 | Motor Vehicles* - Property Damage only |
| | M 40 | Arbitration | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 50 | Declaratory Judgment | | V 09 | Motor Vehicle* - All other |
| | M 63 | Bar Discipline | | V 10 | Boats |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 20 | Airplanes |
| | | | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | W 90 | All other |
| | M 90 | All other | | | |

Page 2 of 2

| | | |
|---|---|---|
| RET. 2ND TUESDAY, JANUARY 2021 | : | SUPERIOR COURT |
| EDWIN QUILES | : | J.D. OF FAIRFIELD |
| V. | : | AT BRIDGEPORT |
| WALMART, INC. | : | DECEMBER 1, 2020 |

## COMPLAINT

### FIRST COUNT: (NEGLIGENCE)

1. At all times herein mentioned, the Defendant WALMART, INC., was a foreign corporation licensed and authorized to transact business within the State of Connecticut.

2. At all relevant times herein mentioned the Defendant, WALMART, INC., owned, maintained, possessed and/or controlled the premises located at 150 Barnum Avenue, Stratford, CT 06614.

3. On or about September 28, 2019 at approximately 12:00 p.m., the Plaintiff, EDWIN QUILES, entered said premises in order to shop for groceries.

4. At that same time and place, said premises were in a dangerous and defective condition in that a substance of fruit or vegetable or the juice there from had puddled on the ground in the aisle adjacent to where crackers were displayed for purchase.

5. The Defendant had, or should have had, notice and knowledge of said dangerous and defective condition, but neglected to remedy it.

LAW OFFICES
MILLER, ROSNICK, D'AMICO,
AUGUST & BUTLER, P.C.
1087 BROAD STREET
BRIDGEPORT, CT 06604-4262

(203) 334-0191

JURIS # 38116

6. As the Plaintiff was walking down the aforementioned aisle he slipped on said substance and fell to the ground.

7. As a proximate result thereof, the Plaintiff, EDWIN QUILES, sustained severe personal injuries, from many of which he is still suffering and will continue to suffer for a long period and from some of which he will permanently suffer. He sustained a lumbar sprain/strain and left knee meniscus tear. He also sustained multiple bruises, spasms and contusions of his body, head and limbs.

8. As a further result thereof, the Plaintiff, EDWIN QUILES, received a severe shock to his nervous system and has suffered great pain and mental anguish. He has been and will be deprived of many of the usual pleasures, pursuits, diversions and recreations of life and has had to and will have to give up physical pursuits.

9. As a further result thereof, the Plaintiff, EDWIN QUILES, has incurred and will incur expenses for medical care and attention, medicine, x-rays, and physical therapy.

10. Said occurrence and resulting injuries were caused by the negligence and/or carelessness of the Defendant, WALMART, INC., through the acts and/or omissions of its agents, servants and/or employees acting within the course and scope of their employment, in one or more of the following respects:

LAW OFFICES
MILLER, ROSNICK, D'AMICO,
AUGUST & BUTLER, P.C.
1087 BROAD STREET
BRIDGEPORT, CT 06604-4282
(203) 334-0191
JURIS # 38116

a. in that the Defendant knew, or in the exercise of reasonable care should have known, that said aisle was in an unsafe, dangerous and defective condition and nevertheless failed to take reasonable precautions to remedy said condition;

b. in that the Defendant, for more than a reasonable time, permitted said aisle to be and remain in an unsafe, dangerous and defective condition so that ordinary travel thereon and use thereof was rendered dangerous to persons lawfully using the premises, including the Plaintiff;

c. in that the Defendant failed to reasonably guard the Plaintiff from the danger of the unsafe, dangerous and defective condition existing in said aisle;

d. in that the Defendant permitted and/or took no steps to prevent individuals lawfully using the premises, including the Plaintiff from walking down said aisle and thereby encountering the unsafe, dangerous and defective condition existing in said aisle;

e. in that the Defendant failed to make a reasonable inspection of said premises and/or said aisle, which it owned and/or controlled; and,

f. in that the Defendant failed to give any warning to the Plaintiff of the unsafe, dangerous and defective condition existing in said aisle.

LAW OFFICES
MILLER, ROSNICK, D'AMICO,
AUGUST & BUTLER, P.C.
1087 BROAD STREET
BRIDGEPORT, CT 06604-4262

(203) 334-0191

JURIS # 38116

3

## SECOND COUNT: (MODE OF OPERATION)

1-10.   Paragraphs 1-10 of the First Count are hereby incorporated and made Paragraphs 1-10 of the Second Count:

11.   The Plaintiff's injures and losses above described were caused by the Defendant's mode of operation which caused a dangerous condition to exist, in the said area becoming slippery, in that customers spill water, and/or other liquid, such as juice, on the floor, when the condition was reasonably foreseeable and the defendant failed to take reasonable measures to discover and remove it.

WHEREFORE, the Plaintiff claims monetary damages within the jurisdiction of the court.

THE PLAINTIFF

By_____
JON A. AUGUST, ESQ.
MILLER, ROSNICK, D'AMICO
AUGUST & BUTLER
1087 Broad Street
Bridgeport, CT 06604
Phone: (203) 334-0191
Fax: (203) 334-3463
Juris No.: 038116

ATTEST:
BRIAN R. WRIGHT
STATE MARSHAL
HARTFORD COUNTY

LAW OFFICES
MILLER, ROSNICK, D'AMICO,
AUGUST & BUTLER, P.C.
1087 BROAD STREET
BRIDGEPORT, CT 06604-4262

(203) 334-0191

JURIS # 38116

4

| | | |
|---|---|---|
| RET. 2ND TUESDAY, JANUARY 2021 | : | SUPERIOR COURT |
| EDWIN QUILES | : | J.D. OF FAIRFIELD |
| V. | : | AT BRIDGEPORT |
| WALMART, INC. | : | DECEMBER 1, 2020 |

**AMOUNT IN DEMAND**

The amount, legal interest or property in demand is FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) DOLLARS or more exclusive of interest and costs.

THE PLAINTIFF

By _____
JON A. AUGUST, ESQ.
MILLER, ROSNICK, D'AMICO
AUGUST & BUTLER
1087 Broad Street
Bridgeport, CT 06604
Phone: (203) 334-0191
Fax: (203) 334-3463
Juris No.: 038116

ATTEST:
_____
BRIAN R. WRIGHT
STATE MARSHAL
HARTFORD COUNTY

LAW OFFICES
MILLER, ROSNICK, D'AMICO,
AUGUST & BUTLER, P.C.
1087 BROAD STREET
BRIDGEPORT, CT 06604-4262

(203) 334-0191

JURIS # 38116

5

# EXHIBIT B

# State of Connecticut Judicial Branch
## Superior Court E-Filing

**Attorney/Firm:** RYAN RYAN DELUCA LLP (436612)     **E-Mail:** SHMALITZ@RYANDELUCALAW.COM     Logout

Show Instructions                      You have successfully e-filed!

Print This Page

## Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | FBT-CV-21-6102722-S |
| **Case Name:** | QUILES, EDWIN v. WALMART, INC. |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Jan-11-2021 |
| **Motion/Pleading by:** | RYAN RYAN DELUCA LLP (436612) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Monday, January 11, 2021 2:51:30 PM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu          Return to Case Detail

Copyright © 2021, State of Connecticut Judicial Branch

| | |
|---|---|
| DOCKET NO.: FBT-CV21-6102722-S | SUPERIOR COURT |
| EDWIN QUILES | J.D. OF FAIRFIELD |
| v. | AT BRIDGEPORT |
| WALMART, INC. | JANUARY 11, 2021 |

## CERTIFICATE OF FILING PETITION FOR REMOVAL

The Defendant, Walmart, Inc., by and through its undersigned counsel, hereby certifies that it has, on this date, filed a Petition for Removal of the above-captioned action to the United States District Court for the District of Connecticut. A copy of said Petition (without Exhibits) is attached hereto as **Exhibit A**.

                                                  DEFENDANT,
                                                  WALMART, INC.

By:   /s/ 419544
     Maria Alexander, Esq.
     Ryan Ryan Deluca LLP
     CityPlace II
     185 Asylum Street, 6th Floor
     Hartford, CT 06103
     Juris No. 436612
     Phone:  860-785-5150

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on January 11, 2021 to all attorneys and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was or will immediately be mailed or delivered to:

Jon A. August, Esq.
Miller, Rosnick, D'Amico, August & Butler, P.C.
1087 Broad Street
Bridgeport, CT  06604
jon@millerandrosnick.com
*Attorney for Plaintiff, Edwin Quiles*

       /s/ 419544
Maria Alexander, Esq.

S:\RyanSTI0408\LIT\DOCS\path.rtf
8000.399